## HALL v. PENLEY BROS. CO.
### No. 970.

District Court, D. Maine.
Oct. 29, 1934.

Verrill, Hale, Booth & Ives, of Portland, Me. (Robert Hale, of Portland, Me., of counsel), for plaintiff.

Frank Haskell, of Portland, Me., for defendant.

PETERS, District Judge.

This matter came on for hearing October 26th on plaintiff's motion to strike out from the answer of the defendant paragraphs numbered 5–i, 5–j, 5–k, and 5–l, and also to strike out all of the defendant's counterclaim.

The defendant is licensee from the plaintiff's testator of certain letters patent issued to him. The suit is brought for an accounting and to recover certain royalties alleged to be due.

Defense is set up in the answer, and more specifically in the counterclaim, that the license contract between the parties was breached by the plaintiff or her testator in refusing to co-operate in the prosecution of a suit in Vermont to prevent infringement of patent or patents in question. This seems to be a legitimate defense, and I see no reason why it cannot be set up in a counterclaim involving both the validity of the license contract and requiring the possible recovery of damages by the defendant. The merits of all those matters are for future consideration.

A certain theory of defense runs through the answer which is not available to the defendant, and that is a denial of the validity of the letters patent of which it took an assignment and in the license contract covering which it also expressly agreed at no time during the continuance of the license which is during the life of the patent "to dispute or object to the validity of the said Letters Patent or the novelty or utility of said invention."

It is clear that both by law and contract the defendant is precluded from asserting the invalidity of the patent or patents referred to in its license.

Referring to the particular paragraph in the answer desired to be struck out, I find in paragraph 5–i the statement that "defendant is advised and believes that said patents cited by the defendant in said suit constitute anticipation etc." The defendant may have a belief, well founded or otherwise, as to the validity of the patents, and still not set it up, as he does not expressly in that paragraph.

In paragraph 5–l the defendant "as a part of its answer * * * moves that the Court dismiss the bill," first on the ground that the license contract had been terminated, and "defendant further moves the Court that the bill of complaint be dismissed because said patent No. 1,382,931 is void and invalid and of no force and effect beyond any reasonable doubt because anticipated, etc." The motion to dismiss contained in the paragraph, so far as it is based upon the ground of invalidity, could not be granted. That

does not, however, impair the rest of the paragraph. The case was not heard on any motion to dismiss, of which there are several for different causes in the answer, but on a motion to strike.

My view is that in the last analysis the defendant is precluded from setting up as any part of his defense the invalidity of the patent. He is not precluded, of course, from setting up his other defenses involving, as he claims, failure of consideration, eviction, etc., with a counterclaim for damages. I think it will add nothing to the clarity of the matter to actually strike out at the present moment any of the wording in either the answer or the counterclaim; but with this statement of my views, which will prevail unless I am shown to be wrong, to the effect that the defendant will be unable as a matter of law to rest any part of his defense on the ground of naked invalidity, the matter should go on to final hearing. In other words, I feel that nothing can be gained by striking out anything at the moment, because the whole matter involved in such a motion is determinable later on in the disposition of the case. At the trial of the case it is possible that the motion to strike out may have some usefulness. Until that time the motion is denied.